UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| FARREL A. SHIPLEY | ) | |
| | ) | |
| v. | ) | NO. 2:07-CV-27 |
| | ) | (NO. 2:04-CR-74) |
| UNITED STATES OF AMERICA | ) | Judge Greer |
| | ) | |

**MEMORANDUM OPINION**

This matter is before the Court on the *pro se* "Writ of Habeas Corpus" filed by Farrel A. Shipley (hereinafter "Shipley" or "petitioner"), a federal prisoner, to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [Doc. 42]. The Court has reviewed the petitioner's motion and has determined that it plainly appears from the motion and the record of prior proceedings that the moving party is not entitled to relief and the Court will, therefore, dismiss the motion. *See* Rule 4(b), Rules Governing § 2255 Proceedings for the United States District Courts.

**I.  Procedural Background**

The petitioner was arrested on October 5, 2004, and charged with the assault of a resident at the James H. Quillen Veterans Affairs Medical Center at Mountain Home, Tennessee. He was subsequently indicted by the federal grand jury in an eight count indictment returned on October 19, 2004. The indictment charged Shipley with destruction and damage of property of the Veterans Administration (Count 1), various counts of entry of a habitation at the Veterans Affairs Medical

Center with intent to commit a theft (Counts 2, 3, 5, 6, 7 and 8), and assault of a resident at the Veterans Affairs Medical Center, resulting in serious bodily injury (Count 4). Pursuant to a negotiated plea agreement, Shipley pleaded guilty to Count 4 of the indictment on May 2, 2005, and was sentenced on August 1, 2005, to a term of imprisonment of 57 months. Judgment was entered on August 5, 2005, and notice of direct appeal was filed on August 18, 2005. The United States Court of Appeals for the Sixth Circuit affirmed the District Court's judgment by order entered on December 8, 2006. Shipley timely filed his *pro se* motion pursuant to 28 U.S.C. § 2255 on November 29, 2007.

## II. Facts

The uncontroverted facts in this case are set forth in a "Stipulation Of Factual Basis For Plea Agreement" filed by the parties at the time of Shipley's guilty plea as follows:

> The defendant, FARREL A. SHIPLEY, and his counsel, Tim S. Moore, submit the following under Rule 11(b)(3), Federal Rules of Criminal Procedure, only as a factual basis to support his guilty plea to the information in this case, charging him with a violation of 18 U.S.C. §§ 113(a)(6), 7 and 1365, assault resulting in serious bodily injury. It does not represent all of the facts nor the defendant's complete knowledge in this case.
>
> On or about October 5, 2004, within Building 160, the domiciliary of the James H. Quillen Veteran's Affairs Medical Center at Mountain Home in the Eastern District

of Tennessee, FARREL A. SHIPLEY entered several habitation areas, or rooms assigned to patients. SHIPLEY was not a resident of the domiciliary building and entered these rooms without the permission or knowledge of the assigned domiciliary residents. At approximately 3:55 a.m. SHIPLEY entered Room 416, where Hollis Cardwell, the assigned resident, was sleeping. Cardwell awoke and confronted SHIPLEY about his unauthorized entry into his room, and SHIPLEY left the room. Cardwell followed SHIPLEY in an effort to detain him until authorities arrived. SHIPLEY struck Cardwell in the face with a heavy plastic mug, with such force that the handle of the mug broke off. Cardwell, a patient at the facility receiving treatment for multiple diagnoses of cancer, suffered a broken nose and extreme physical pain as a result of SHIPLEY striking him with the mug. SHIPLEY later admitted that he struck Cardwell after Cardwell accused him of entering his room to steal his personal property, and left him bleeding on the floor while SHIPLEY calmly walked downstairs to get a cup of coffee.

### III. Nature of Petitioner's Claims

Shipley has filed a 12- page handwritten motion raising numerous issues, some of which are of a type properly raised pursuant to a § 2255 motion and others of which are in the nature of requests that this Court modify the previously imposed sentence based on circumstances which have arisen since the entry of the judgment in this case. In summary, Shipley alleges that his sentence was imposed in violation of his Sixth Amendment rights pursuant to *Blakely v.Washington* and *United States v. Booker*, asks the Court to grant him a "downward departure" for medical reasons, generally alleges that the Court did not properly consider the 18 U.S.C. § 3553(a)

factors in imposing sentence and that the Court erred in denying him a reduction in offense level for acceptance of responsibility, argues that the District Court erred in enhancing his offense level pursuant to USSG § 2(a)2.2B2 for the use of a dangerous weapon, seeks a reduction in his sentence because of "extenuting [sic] circumstances," i.e., family circumstances and medical condition, and alleges ineffective assistance of counsel on the part of his trial counsel because trial counsel "did not challenge" statements made to the probation officer by the petitioner which resulted in the Court's ruling that Shipley was not entitled to acceptance of responsibility and a lack of explanation to Shipley by his trial attorney concerning the issue related to acceptance of responsibility. Each of these issues will be discussed in turn below.

## IV. Standard of Review

This Court must vacate and set aside the sentence if it finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, . . ." 28 U.S.C. § 2255. Under Rule 4 of the Governing Rules, the Court is to consider initially whether the face of the motion itself, together with the annexed exhibits and prior proceedings in the case, reveal the movant is not entitled to relief. If it plainly appears the movant is not entitled to relief,

the court may summarily dismiss the § 2255 motion under Rule 4.

When a defendant files a § 2255 motion, he must set forth facts which entitle him to relief. *Greene v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961). "Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing." *O'Malley*, 285 F.2d at 735 (citations omitted). A motion which merely states general conclusions of law without substantiating allegations with facts is without legal merit. *Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir. 1959); *United States v. Johnson*, 940 F. Supp. 167, 171 (W.D. Tenn. 1996).

To warrant relief under 28 U.S.C. § 2255 because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637, 113 S. Ct. 1710, 1722 (1993) (§ 2254 case) (citation omitted); *Clemins v. Sowders*, 34 F.3d 352, 354, (6th Cir. 1994); *see also United States v. Cappas*, 29 F.3d 1187, 1193 (7th Cir. 1994) (applying *Brecht* to a § 2255 motion). If the sentencing court lacked jurisdiction, then the conviction is void and must be set aside. *Williams v. United States*, 582 F.2d 1039, 1041 (6th Cir.), *cert. denied*, 439 U.S. 988 (1978). To warrant relief for a non-constitutional error requires a showing of a fundamental defect in the proceeding that resulted in a complete miscarriage of justice or an

5

egregious error inconsistent with the rudimentary demands of fair procedure. *Reed v. Farley*, 512 U.S. 339, 354, 114 S. Ct. 2291, 2300 (1994); *Grant v. United States*, 72 F.3d 503, 506 (6th Cir.), *cert. denied*, 517 U.S. 1200 (1996). In order to obtain collateral relief under § 2255, a petitioner must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 102 S. Ct. 1584 (1982).

The Sixth Amendment provides, in pertinent part, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. A defendant has a Sixth Amendment right not just to counsel, but to "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). In *Strickland*, the Supreme Court set forth a two-pronged test for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

6

466 U.S. at 687, 104 S. Ct. at 2064. As with any other claim under § 2255, the burden of proving ineffective assistance of counsel is on the petitioner. *Virgin Islands v. Nicholas*, 759 F.2d 1073, 1081 (3rd Cir. 1985).

In considering the first prong of the test set forth in *Strickland*, the appropriate measure of attorney performance is "reasonableness under prevailing professional norms." *Strickland*, 466 U.S. at 688, 104 S. Ct. at 2065. A defendant asserting a claim of ineffective assistance of counsel must "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* at 690, 104 S. Ct. at 2066. The evaluation of the objective reasonableness of counsel's performance must be made "from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly differential." *Kimmelman v. Morrison*, 477 U.S. 365, 381, 106 S. Ct. 2574, 2586 (1986).

The second prong of the *Strickland* tests requires the petitioner to show counsel's deficient performance prejudiced the defense. Thus, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 691, 104 S. Ct. at 2066. The petitioner must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have

been different." *Id.* at 694, 104 S. Ct. at 2068. The *Strickland* court emphasized both prongs must be established in order to meet the claimant's burden, and if either prong is not satisfied, the claim must be rejected, stating:

> Although we have discussed the performance component of an ineffectiveness claim prior to the prejudice component, there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one . . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that court should be followed. Courts should strive to ensure that ineffectiveness claims not become so burdensome to defense counsel that the entire criminal justice system suffers as a result.

*Id.* at 697, 104 S. Ct. at 2069.

## V. Analysis and Discussion

### Shipley's Motions for "Downward Departure" and Reduction of Sentence for "Extenuting [sic] Circumstances"

In his motion, Shipley "ask[s] the Court to evaluate a 'downward departure' for medical reasons." In support of his request, Shipley cites an x-ray done while he has been in federal prison which shows that he has developed an aneurysm and has developed diabetes. No other information is provided. Secondly, Shipley asks the Court to "allow" a lower sentence because of extenuating circumstances. In support of this request, Shipley cites the death about two or three months before the

8

filing of his petition of a man to whom his daughter was engaged to be married. Shipley refers to the impact of the death on his daughter and cites her need for him to be with her during her difficult time.

These requests must be denied because this Court has no jurisdiction, and therefore, no legal authority to make such modifications of the defendant's sentence. Title 18 U.S.C. § 3582(c)(1)(B) provides that "the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure. . ." No statutory provision permits the modification requested by Shipley; therefore, if the Court has any authority to grant Shipley's motion, it must be because it is permitted by Rule 35. Rule 35(a) provides that "[w]ithin 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical or other clear error." Fed. R. Crim. P. 35(a). Rule 35(a)'s 7 day time period is jurisdictional. *United States v. Diaz-Clark*, 292 F.3d 1310, 1317 (11th Cir. 2002); *Word v. United States*, 109 Fed. Appx. 773 (6th Cir. 2004) (unpublished). The petitioner's motion for a reduction of his sentence as set forth above was made well beyond the 7-day period provided for in Rule 35, and this Court, therefore, has no jurisdiction to consider his requests. Finally, a court also has jurisdiction to amend a sentence in conformity with Fed. R. Crim. P. 36, which provides "the court may at any time correct a clerical error in a judgment, order or

other part of the record, or correct an error in the record arising from oversight or omission." Rule 36, therefore, clearly does not permit the kind of modification requested by Shipley in this case.

**Petitioner's *Booker* Claim/Reasonableness of Sentence**

Shipley raises, for the first time, an argument that his sentence is in violation of his Sixth Amendment rights in that sentencing guideline enhancements resulting from judicial fact finding resulted in an increase in his advisory guidelines sentencing range. He also raises for the first time an allegation that this Court did not give sufficient weight to his personal history in that he is not a "danger to society" or a violent person.

As an initial matter, petitioner has waived these claims in his § 2255 motion by his failure to raise the claims at sentencing or on direct appeal. To excuse such default, the petitioner must show both cause and prejudice. *Elzy v. United States*, 205 F.3d 882 (6th Cir. 2000). Petitioner has asserted no facts which would excuse his failure to raise these claims either at sentencing or on direct appeal.

Even if not procedurally defaulted, these claims, however, lack merit. Petitioner alleges that the District Court violated his Sixth Amendment rights by basing his sentencing guidelines calculation on judge-found facts instead of his own admissions or findings by a jury beyond a reasonable doubt, specifically as it relates

to the Court's findings regarding the four point enhancement for the use of a dangerous weapon and the Court's failure to reduce the offense level for acceptance of responsibility.

The *Booker* decision "did not eliminate judicial fact finding." *United States v. Coffee*, 434 F.3d 887, 898 (6th Cir. 2006). Rather, "[i]t is clear under the law of this circuit that a district court may make its own factual findings regarding relevant sentencing factors, and consider those factors in determining a defendant's sentence." *United States v. Gardiner*, 463 F.3d 445, 461 (6th Cir. 2006). "[W]hen a trial judge exercises his discretion to select a specific sentence within a defined range, the defendant has no right to a jury determination of the facts that the judge deems relevant." *United States v. Booker*, 543 U.S. 220, 233, 125 S. Ct. 738, 750 (2005). In short, so long as the sentencing guidelines are treated as advisory and not mandatory, *Booker* does not bar the district court from fact finding using a preponderance of the evidence standard for sentencing calculations. *United States v. Mickens*, 453 F.3d 668, 673 (6th Cir. 2006). Because the judge-found facts did not increase Shipley's sentence beyond "the maximum authorized by the facts established by a plea of guilty," *Booker*, 543 U.S. at 244, 125 S. Ct. at 756, they did not need to be proven beyond a reasonable doubt or be found by a jury.

Likewise, the record in this case clearly establishes that this Court

properly considered the guidelines to be advisory and considered each of the § 3553(a) factors in determining the defendant's sentence. Moreover, the United States Court of Appeals for the Sixth Circuit in its order affirming the District Court's judgment in this case found the "sentence imposed by the district court is reasonable." *United States v. Shipley*, No. 05-6307 (6th Cir., filed December 5, 2006). This issue is without merit.

**Reduction for Acceptance of Responsibility/Enhancement for Use of a Dangerous Weapon.**

Shipley's conviction in this case was based on his assault of an elderly cancer patient in a Veterans Administration Medical Center by hitting him in the face with a heavy plastic coffee mug, breaking the victim's nose. During the presentence report interview, Shipley stated that his striking of the victim was simply a reflective action and stated that it was lucky he was not holding a knife or gun. Based on this statement, the probation officer determined that Shipley was not entitled to a reduction for acceptance of responsibility and added a four level enhancement for the use of a dangerous weapon, i.e., the coffee mug. After a hearing, the District Court overruled Shipley's objections as to these findings and adopted the determinations of the probation officer. Shipley appealed to the United States Court of Appeals for the Sixth Circuit on both issues.

Although noting that Shipley waived his right to appeal, the Sixth Circuit nevertheless decided Shipley's appeal on the merits. In affirming this Court's finding

that Shipley was not entitled to a reduction for acceptance of responsibility, the Sixth Circuit stated:

> Statements regarding a defendant's motivation are relevant to the acceptance of responsibility determination because they shed light on the defendant's sincerity; a story excusing the defendant's conduct reveals a lack of sincere acceptance of responsibility. *United States v. Greene*, 71 F.3d 232, 235 (6th Cir. 1995). Shipley's statement in this case showed that he did not accept responsibility for the assault, and the reduction was therefore properly denied.

*Shipley*, No. 05-6307 at 2. This issue having been resolved against Shipley on the merits in his direct appeal, it cannot now be argued otherwise by him.

Shipley's argument that he should not have received an enhancement for use of a dangerous weapon based on his use of the coffee mug to strike his victim was also decided on the merits by the Sixth Circuit. The Sixth Circuit held as follows:

> A dangerous instrument is defined in the Guidelines as an instrument capable of inflicting serious bodily injury; an instrument can be anything with which something is done or that contributes to the accomplishment of a purpose. *United States v. Sherwin*, 271 F.3d 1231, 1234-35 (10th Cir. 2001) (finding car door to be dangerous instrument). In this case, Shipley used the heavy coffee mug to strike the victim in the face with such force that the victim's nose and the coffee mug broke. It was therefore used to inflict serious bodily injury. Shipley's argument is without merit.

*Shipley*, No. 05-6307 at 3. Once again, this issue has been decided adversely to Shipley by the Sixth Circuit Court of Appeals and he may not pursue the matter further in this

§ 2255 motion.

**<u>Ineffective Assistance of Counsel</u>**

Petitioner's argument that his trial counsel was ineffective is somewhat confusing. The gist of his argument, however, appears to be that his trial attorney did not understand the significance of Shipley's statements to the probation officer and did not seek to have Shipley explain to the Court his statement "that it was lucky he [Shipley] was not holding a knife or a gun." Because his attorney said nothing to him about the statement at the time it was made, Shipley argues he "gave it not [sic] though [sic] until I received my PSR."

The petitioner's argument fails for several reasons. First of all, to the extent petitioner is arguing that his attorney failed to contest or object to the decision of the probation officer to deny him the reduction for acceptance of responsibility, such allegation is factually incorrect. Shipley's trial counsel did in fact object to the finding of the probation officer and argued vigorously on petitioner's behalf. Secondly, even if trial counsel had failed to object all together, there would have been no prejudice to the petitioner because his argument fails on the merits. Moreover, Shipley himself addressed the Court at length concerning the context in which his statement was made and denied certain key stipulations made in his stipulation of factual basis filed at the time of his plea agreement. Shipley also reiterated to the Court what he had told the

14

probation officer:

> . . . but like that statement said, if I had had a gun in my hand, I would have shot him. Well, I would have stabbed him or anything when I'm in that condition and somebody grab me from behind and I don't know they're there. What are you going to do when somebody grabs you unaware?

(Tr. of Sentencing Hearing, Aug. 1, 2005, pp. 10-17)

Petitioner alleges no facts to support his conclusory allegation that his counsel failed to afford effective assistance of counsel. Even if he could meet the first prong of the *Strickland* test, however, petitioner has alleged absolutely no prejudice as a result of counsel's alleged error. The burden is on the petitioner of demonstrating prejudice. *Smith v. Robbins*, 528 U.S. 259, 285-86, 120 S. Ct. 746, 764 (2000). Petitioner has failed to meet either prong of the *Strickland* standard and his allegation of ineffective assistance of counsel is meritless. In fact, the record establishes that petitioner's counsel was objectively reasonable and quite clearly performed within the range of competence demanded of attorneys in criminal cases.

## VI. Conclusion

For the reasons set forth above, the Court holds that petitioner's conviction and sentencing were not in violation of the Constitution or laws of the United States and his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 will be **DENIED**.

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals disapproves of the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). The district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standard set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000).

Under *Slack*, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Having examined each of the petitioner's claims under the *Slack* standard, the Court finds that reasonable jurists could not find that this Court's dismissal of petitioner's claims was debatable or wrong. Therefore the Court will **DENY** petitioner a certificate of appealability.

A separate order will enter.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE